# In the United States Court of Federal Claims

No. 11-754C
(Originally Filed: March 12, 2012)
(Reissued: March 23, 2012)[1]

* * * * * * * * * * * * * * * * * * * *

INGENESIS, INC.,

                *Plaintiff*,

v.

THE UNITED STATES,

                *Defendant*.

Bid protest; NAICS code selection; Small Business concerns; Small Business Administration Office of Hearings and Appeals

* * * * * * * * * * * * * * * * * * * *

*Michael H. Payne*, Philadelphia, PA, for plaintiff.

*Elizabeth Marie Durfee Pullin*, United States Department of Justice, with whom were *Kirk T. Manhardt*, Assistant Director, *Jeanne E. Davidson*, Director, and *Tony West*, Assistant Attorney General.

_____

OPINION

_____

BRUGGINK, *Judge*.

This is a pre-award protest of a solicitation for physician services by the United States Army.[2]  Because of the small business size limitations placed on

_____

[1]In accordance with the protective order in this case, publication was deferred pending the parties' review for redaction of controlled materials. Those redactions are indicated by brackets.

[2] Contemporaneously herewith, we address plaintiff's related bid protest
continue...

this contract, plaintiff, InGenesis, Inc., is precluded from qualifying for the award. Currently before the court are the parties' cross-motions for judgment on the administrative record and plaintiff's motion for leave to file the declaration of its corporate president. The motions are fully briefed, and we heard oral argument on March 7, 2012. As we announced at the conclusion of oral argument, and for the reasons explained below, we deny plaintiff's motion to file the declaration and its motion for judgment on the administrative record, and we grant defendant's cross-motion for judgment on the administrative record.

BACKGROUND[3]

I.      The solicitation

On September 15, 2011, the U.S. Army Medical Command, Center for Health Contracting, issued solicitation W81K04-11-R-0018, seeking offers for multiple indefinite delivery/indefinite quantity ("IDIQ") contracts for physician services. The solicitation anticipated a maximum of five contracts being awarded and contemplated a five-year performance period. The minimum guaranteed contract amount for each contract was $1,000 with an estimated maximum for all the contracts of nearly $400 million over five years. The solicitation indicated that the procurement had been set aside for small businesses.[4]

The performance work statement noted that the contract was to support military treatment facilities (e.g., military hospitals) within the U.S. Army Medical Command as well as other Department of Defense agencies. The contractor was to provide "personal and or non-personal Physician Services, which will contribute to a stable workforce tasked with providing quality health care services to a diverse beneficiary population." AR 208. The

---

[2]...continue
challenging a solicitation for nursing services. *InGenesis, Inc. v. United States*, No. 11-753 (Fed. Cl. Mar. 12, 2012).

[3] The facts are drawn from the Administrative Record ("AR").

[4] Under Federal Acquisition Regulation 6.203, contracts may be set aside for small businesses to fulfill statutory policies relating to small business concerns. 48 C.F.R. § 6.203 (2011).

solicitation indicated that the contractor would provide medical doctors or doctors of osteopathy from a wide-range of specialties, including specialties from a non-exhaustive list provided in the solicitation.[5]  It is plain from the performance work statement that the successful bidder would be furnishing physicians who would use existing Army medical facilities.

Because of the small business set aside, the Small Business Administration regulations contained in 13 C.F.R. part 121, subpart A apply. Under these regulations, the contracting officer is to choose the North American Industry Classification System ("NAICS") code that best describes the principal purpose of the product or services being acquired.  13 C.F.R. § 121.402 (2011).  NAICS codes are promulgated by the Office of Management and Budget and are used to classify an economic activity or industry for many purposes.  Using the already-established NAICS codes, the Small Business Administration then imposes its own limitations on size and revenue.  13 C.F.R. § 121.201.  Thus, when the contracting officer designates a NAICS code for a small business set aside solicitation, the effect is both to target the type of institutions solicited and simultaneously to impose size and revenue limitations on those bidders.

The contracting officer selected NAICS code 621111 for the solicitation.  The revenue limit associated with that code caps awards to firms with no more than  $10 million in annual receipts.  NAICS code 621111 provides that:

> This U.S. industry comprises establishments of health practitioners having the degree of M.D. (Doctor of Medicine) or D.O. (Doctor of Osteopathy) primarily engaged in the independent practice of general or specialized medicine (except psychiatry or psychoanalysis) or surgery. These practitioners operate private or group practices in their own offices (e.g.,

---

[5] The twenty-five specialties listed in the non-exhaustive list include: general and family medicine, neurosurgery, emergency medicine, allergy and immunology, endocrinology, gastroenterology, ophthalmology, orthopedics, otolaryngology, hematology and oncology, radiology, general surgery, internal medicine, neurology, pulmonary diseases, pediatrics, anesthesiology, obstetrics and gynecology, physiatry, plastic surgery, urology, psychiatry, dermatology, preventative medicine, and occupational medicine.

centers, clinics) or in the facilities of others, such as hospitals or HMO medical centers.

NAICS 621111, 2007 WL 6902774 (NAICS).

Prior to issuing the solicitation, the contracting officer completed a "Findings" report to explain his NAICS code selection. The contracting officer used this report to analyze applicable NAICS codes for three sets of IDIQs, including nursing, physicians, and ancillary services. In that report, he considered four NAICS codes: (1) 561320, Temporary Help Services; (2) 621399, Office of All Other Miscellaneous Health Practitioners; (3) 621111, Offices of Physicians (except mental health specialists); and (4) 622110, General Medical and Surgical Hospitals. After noting that code 621111 contemplates practitioners who practice in general or specialized medicine and operate in either their own offices or facilities, such as hospitals, the contracting officer noted, "This NAICS code is considered appropriate for the Physician crafts contemplated here." AR 548.

The contracting officer also considered code 622110, the code which plaintiff asserts should have been used. NAICS code 622110 provides:

> This industry comprises establishments known and licensed as general medical and surgical hospitals primarily engaged in providing diagnostic and medical treatment (both surgical and nonsurgical) to inpatients with any of a wide variety of medical conditions. These establishments maintain inpatient beds and provide patients with food services that meet their nutritional requirements. These hospitals have an organized staff of physicians and other medical staff to provide patient care services. These establishments usually provide other services, such as outpatient services, anatomical pathology services, diagnostic X-ray services, clinical laboratory services, operating room services for a variety of procedures, and pharmacy services.

NAICS 622110, 2007 WL 6902817 (NAICS).

The contracting officer noted that code 622110 contemplates, *inter alia*, "establishments known and licensed as general medical and surgical hospitals . . . . establishments [that] maintain inpatient beds . . . provide food service .

4

. . provide X-ray services, [and] clinical laboratory services." AR 548.  He noted that this code, although not selected for physicians, was appropriate for "Ancillary crafts," for which the Army was also seeking bids at that time.[6]

In order to give himself some assurance that there were a sufficient number of small businesses capable of and interested in bidding on the various medical services being sought, the contracting officer conducted a widely-advertised "Industry Day."  Potential bidders were invited and briefed on what the Army was planning.   Attendees were notified of the codes being contemplated and the respective revenue limitations:  Physician services-621111 ($10,000,000); Nursing services-621399 ($7,000,000); and Ancillary services-622110 ($34,500,000).

The physician services code, 621111, is the same code currently being used under existing contracts for services which the parties agree amounts to the same work presently being solicited.  Plaintiff is one of the incumbent contractors for that work, and, at the time the contract was previously awarded, it was small enough not to be barred by the revenue limitation.  Plaintiff's difficulty now, however, is that it has grown, and no longer fits under the $10,000,000 threshold.  Hence, it advocates for the use of the hospital code, which has a much higher revenue threshold.

II.      Plaintiff's protest at the Small Business Administration

Bid proposals were due by November 10, 2011.  On September 26, 2011, however, plaintiff filed an appeal before the Small Business Administration ("SBA") Office of Hearings and Appeals ("OHA"), contesting the contracting officer's choice of NAICS code 621111.  In its appeal, InGenesis argued that the proper NAICS code designation should have been code 622110, not 621111.

InGenesis advanced two theories for why NAICS code 621111 did not properly encapsulate the solicited services.  First, although the solicitation's list of specialties included "Physician-Psychiatry," NAICS code 621111 excludes mental health professionals, including psychiatrists, who have their

---

[6] We have scant information regarding the services being solicited under "Ancillary crafts."  The record intimates, though, that these are non-physician and non-nurse services. *See* AR 548.

own NAICS code, 621112.  Second, plaintiff argued that NAICS code 621111 falls under the more general NAICS category of "ambulatory health care," which characterizes providers as not usually providing inpatient services. Because many of the specialists listed in the solicitation are associated more with inpatient services, such as neurosurgeons, general surgeons, plastic surgeons, and anesthesiologists, InGenesis contended that NAICS code 621111 was inappropriate.  Plaintiff further noted that based on its own experience under the predecessor contract, "nineteen percent of the physicians it has provided performed solely inpatient services, and another [sixty] percent provided both inpatient and outpatient services at Military Treatment Facilities."  AR 573.  Plaintiff thus argued that "NAICS 622110 is a precise match to the RFP requirements."  AR 573.

The contracting officer responded to plaintiff's challenge at the SBA OHA by noting that the "government did extensive research and wrote a determination and findings [report] . . . to support the use of NAICS 621111 for this solicitation."  AR 545.  In his view, plaintiff's proposed code, NAICS code 622110, is not appropriate for the solicitation because that code describes industries "known and licensed as General medical and Surgical Hospitals." The government is not contracting for entire hospitals, as he noted, but merely for physicians to augment the staff at already-existing government facilities. The contracting officer also dismissed plaintiff's concern that mental health professionals were omitted by pointing out that those professionals represent "only a small portion of overall requirements under the solicitation."  AR 546. The contracting officer offered statistics for two medical treatment facilities. The first facility, a small one, estimated [     ] total physician hours over the five-year ordering period, and of those, only [    ] hours (roughly [  ]%) were for psychiatrists.  The second facility, one of the largest, estimated [      ] physician hours, of which [     ] hours (roughly [  ]%) were attributable to psychiatrists.  Thus, because the government estimated that doctors who primarily engage in general practice or surgery encompassed [    ]% of the contemplated services, the contracting officer concluded that NAICS code 621111 was the closest fit.  AR 546.

The SBA OHA administrative law judge ("ALJ") rejected plaintiff's arguments and affirmed the contracting officer's decision to use NAICS code 621111.  AR 534-39.  The ALJ noted that "[t]he [contracting officer] is not required to designate a perfect NAICS code."  AR 537 (citing 13 C.F.R. § 121.402(b)).  It is possible that "no one designation can be a perfect fit."  AR 537 (quoting *NAICS Appeal of AllSource Global Mgmt., LLC*, SBA No.

NAICS-5292, at 7 (2011)).  Thus, the proper NAICS code is the one that "best describes the principal purpose of the procurement."  *Id.* (internal quotations omitted).  The principal purpose here was an array of physician-types, not full-service hospitals.

With respect to plaintiff's first argument–that code 621111 precludes mental health services–the ALJ noted that "a fair reading of the solicitation . . . supports the [contracting officer's] assertion that psychiatric services are not the majority of the services to be acquired."  AR 537.  Because the solicitation listed myriad specialties in a non-exhaustive list, the ALJ held that "it would be difficult to conclude that psychiatric or mental health specialties represent the principal purpose of the RFP."  AR 538.  Thus, even though the RFP does call for *some* provision of psychiatric services, "the NAICS code assigned by the [contracting officer] . . . . properly captures the principal purpose of the RFP," which was to supply medical doctors and doctors of osteopathy.  AR 538.  Implicit in the ALJ's October 24, 2011 decision, therefore, is that even though psychiatrists are not described in code 621111, the successful bidder would nonetheless be allowed to and able to furnish psychiatric services.  Certainly plaintiff's experience under its existing contract confirms this as it has been supplying psychiatric services even though the current contract was classified under code 621111.

The ALJ similarly rejected plaintiff's second argument–that NAICS code 621111 was listed under the broad umbrella of the "ambulatory care" subsector, whereas the performance work statement obviously contemplates providers performing a great deal of inpatient care.  As the ALJ noted, plaintiff's proposed code "encompasses entire hospitals and the wide variety of services offered in hospitals," whereas "the [performance work statement] quite clearly reflects[] that the Army is procuring the services of individual doctors with particular specialties to augment the staff of military treatment facilities."  AR 538.  Although it is true that practitioners classified in the ambulatory health care subsector "do not usually provide inpatient services," they nevertheless  "may operate at their own offices or 'in the facilities of others, such as hospitals.'" *Id.* (citing NAICS code 621111).  Under SBA OHA precedent, "[it] is not location of where the services will be performed that is determinative of a procurement's NAICS code designation, but the character of the services themselves."  *NAICS Appeal of Med-Nat'l, Inc.*, SBA No. NAICS-4762, at 5 (2006).

On November 9, 2011, plaintiff filed its complaint here seeking injunctive and declaratory relief.   Plaintiff seeks to supplement the administrative record with a declaration of its corporate president, Veronica Edwards.   Ms. Edwards offers information concerning: (1) prior Army physician solicitations, (2) the proportion of psychiatrists that plaintiff has supplied on previous similar contracts, (3) other federal agency solicitations made under NAICS code 622110, and (4) comparisons of the amounts of inpatient versus outpatient services rendered during previous task orders. Attached to her declaration are data corresponding to the other solicitations to which she refers.

## DISCUSSION

We have jurisdiction under the Tucker Act to "render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award . . . or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."  28 U.S.C. § 1491(b)(1) (2006).  A contracting officer's NAICS code designation is made "in connection with" a proposed procurement.   Additionally, the SBA OHA's decision is similarly "in connection with" a proposed procurement.  *See Ceres Envtl. Servs., Inc. v. United States*, 52 Fed. Cl. 23, 33 (2002).

Plaintiff advances three arguments in its motion for judgment on the administrative record: (1) selection of NAICS code 621111 rendered the solicitation unduly restrictive of competition, (2) the Army's selection of code 621111 instead of code 622110 was arbitrary, capricious, and lacked a rational basis, and (3) the SBA OHA's decision to affirm the contracting officer was likewise arbitrary, capricious, or otherwise contrary to law.  In response, defendant argues that the contracting officer's code designation was rational because NAICS code 621111 best describes the services being solicited.  For the same reasons, defendant argues that SBA OHA's decision to affirm the contracting officer's NAICS code designation was reasonable.

Plaintiff's motion for judgment on the administrative record relies heavily on Ms. Edwards's declaration and its supporting documentation. Before we can examine the merits of plaintiff's substantive arguments, therefore, we must first decide whether we may consider the information contained within her declaration and its attached exhibits.

8

I.   Ms. Edwards's declaration is not needed to allow effective judicial review

Because of the level of deference accorded to agency action, we typically review the administrative record already in existence, "not some new record made initially by the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). As the Federal Circuit has noted, we must consider the propriety of "'the agency decision based *on the record the agency presents to the reviewing court*.'" *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)). While this rule is not absolute, the administrative record should be supplemented only in limited cases in which "the omission of extra-record evidence precludes effective judicial review." *Id.*

Ms. Edwards is experienced in providing medical staffing, and she makes the following points. The instant solicitation is a "follow-on" contract to a prior solicitation for physician services, W81K04-08-R-0022. Decl. ¶ 4. The prior solicitation was classified with NAICS Code 621111 giving it a small business revenue limit, as amended, of $10 million. Decl. ¶ 5. Ingenesis Arora Staffing, LLC, a joint venture in which plaintiff is a partner, no longer qualifies under the 621111 small business set aside limit, but it does qualify under the set aside allowed by 622110. Decl. ¶¶ 7-8, 13-14. With regard to the prior solicitation, Ms. Edwards asserts that the "task orders issued by defendant have been primarily for the services of Psychiatrists." Decl. ¶ 15. Specifically, she notes that "[o]ut of a total full time employees (FTE) of thirty-five, twenty [approximately 57%] have been Psychiatrists." Decl. ¶ 15. In terms of dollar value provided, she notes that mental health services account for sixty-four percent of the total. Decl. ¶ 15.

She also states that, "It has been my experience that federal agencies commonly use NAICS Code 622110 when soliciting for medical staffing." Decl. ¶ 17. According to Ms. Edwards, based on reviewing the FedBizOpps website, since the prior solicitation was issued, federal agencies have issued at least forty-seven solicitations under NAICS code 622110 for medical staff to augment existing medical centers. Decl. ¶ 18. She asserts that, based on her review of federal agency staffing, most positions to be furnished are ones that provide inpatient or mental health services. Decl. ¶ 20. Based on plaintiff's current contracts with defendant, she asserts that "eighty-four percent of the physicians we have furnished are providing inpatient and/or mental health services." Decl. ¶ 23. Finally, she notes that, concurrent with

the instant solicitation, defendant also issued the solicitation for ancillary services using NAICS code 622110.  Plaintiff argues that the above information is needed to demonstrate the extent to which psychiatric care will be required and that the services being procured are primarily inpatient in nature.

The declaration is accompanied by ten exhibits composing sixty-two pages of material, most of which are not in the administrative record.  This extra-administrative record material includes:

(1) excerpts from a prior solicitation issued in 2008 for physician services, W81K04-08-R-002 (Exhibit 1);

(2) contracts that were awarded under solicitation W81K04-08-R-002 and older solicitations (Exhibit 2);

(3) information on contractors awarded task orders under solicitation W81K04-08-R-002 (Exhibit 3);

(4) a summary of physician services broken down by outpatient versus inpatient services and mental health (Exhibit 4);

(5) a list of prior solicitations using NAICS code 622110 (Exhibit 5);

(6) another solicitation issued in 2011, W81K04-11-R0023 (Exhibit 6);

(7) additional summary spreadsheets regarding physician services under a prior solicitation awarded to plaintiff (Exhibit 7);

(8) additional spreadsheet information pertaining to physician staffing plaintiff currently supplies to defendant (Exhibit 8)

(9) an amendment to the instant solicitation (which already appears in the AR) (Exhibit 9); and

(10) additional summaries of physician services supplied by plaintiff, again broken down into outpatient and outpatient services, including dollar values attributable to the services provided (Exhibit 10).

The gist of plaintiff's submission is that Ms. Edwards would have picked a different code, based on her own experience in contracting with the government for medical services. There are a number of difficulties with entertaining this collateral attack on the solicitation. The most basic is that it presumes we conduct a *de novo* review of the contracting officer's work. No doubt every bidder would like to kibitz the contracting officer's handling of the procurement, offering additional information to consider, challenging the government's assessment of how much work of certain types could be anticipated, or suggesting what the government really needs. But the question is not whether more information might have been available, or what someone else might have done, but whether the "additional evidence [is] necessary," *Axiom*, F.3d at 1380, for the court to conduct its very limited review. The court in *Axiom* cautioned in particular against unnecessarily expanding review beyond the administrative record in existence and thereby "using new evidence to convert the arbitrary and capricious standard into effectively *de novo* review." *Id.* (internal quotations omitted).

A bid protest is not an opportunity to second-guess the agency's determinations of what it needs. And we specifically have been reluctant to consult prior solicitations in determining whether the decisions in a disputed solicitation were arbitrary or capricious. *See NEQ, LLC v. United States*, 86 Fed. Cl. 592, 594 (2009). Moreover, neither the extent of inpatient versus outpatient treatment nor the extent of psychiatric services is ultimately dispositive. We are prepared to assume that the Army wants psychiatrists and anticipates the furnishing of significant inpatient treatment. That much appears of record and is sufficient to frame plaintiff's claims. Anything further would convert this into a *de novo* review.

II.   The selection of NAICS Code 621111 was not arbitrary, capricious, or otherwise not in accord with the law

Plaintiff argues that the contracting officer erred in selecting NAICS code 621111 and that SBA OHA erred in affirming that code selection. The arguments are similar on both fronts and have the following common denominator: NAICS code 621111 does not capture the principal purpose of the solicitation because the Army is seeking psychiatric services and inpatient care providers. We disagree.

11

A.      Soliciting psychiatric services does not preclude using code 621111

The parties agree that the contracting officer must select only one NAICS code for this contract.  The fact that there does not exist one code that perfectly captures all elements of the work statement is unfortunate but simply a fact of life in small business contracting.  It is understood that the role of the contracting officer is simply to "select the NAICS code which best describes the principal purpose of the product or service being acquired." *Ceres*, 52 Fed. Cl. at 25 (citing 13 C.F.R. § 121.402(b)); *see also* 48 C.F.R. § 19.303(a) (2011).  Primary consideration is given to:

> the industry descriptions in the NAICS United States Manual, the product or service description in the solicitation and any attachments to it, the relative value and importance of the components of the procurement making up the end item being procured, and the function of the goods or services being purchased.

13 C.F.R. § 121.402(b).

The beginning point in code selection, therefore, is the principal purpose of the work being contracted.  Defendant argues and plaintiff has to concede that the Army is looking for physicians in a wide range of specialties (including psychiatry) to work in government facilities.  It may also be useful to highlight what the Army is not looking for: physical facilities, hospitals, phlebotomists, cafeterias, janitorial services, emergency rooms, etc.  In this solicitation, it is looking for doctors, and nothing else.

It is understandable, therefore, that the following code appeared to be a good fit:

> This U.S. industry comprises establishments of health practitioners having the degree of M.D. (Doctor of medicine) or D.O. (Doctor of osteopathy) primarily engaged in the independent practice of general or specialized medicine (except psychiatry or psychoanalysis) or surgery. These practitioners operate private or group practices in their own offices (e.g., centers, clinics) or in the facilities of others, such as hospitals or HMO medical centers.

12

This is, of course, NAICS code 621111, the code under which plaintiff currently provides these services and the code selected by the contracting officer and affirmed by SBA OHA.[7]

Plaintiff's first argument against this code is that it specifically does not include psychiatric services, which are classified separately under code 621112, "Offices of Physicians, Mental Health Specialists." The contracting officer noted that under the instant solicitation, approximately [ ]% to [ ]% of the total physician labor required would constitute psychiatric services. AR 514. Plaintiff suggests that volume could be higher, but it has to concede that Code 621112 cannot be appropriate because, by including only psychiatric services, it excludes all non-psychiatric services. The contracting officer could pick only one code, so he understandably picked the most generalized physician-specific code, 621111. Plaintiff has not argued that the NAICS code selected would preclude the Army from seeking psychiatric services. If it did, then plaintiff could not supply psychiatrists under the current contract–a position that plaintiff clearly does not take.

---

[7] Code 621111 establishes three criteria. Providers must: (1) possess a medical degree (M.D. or D.O.), (2) engage in the independent practice of general or specialized medicine (except psychiatry), and (3) operate in either private practice or in the facilities of others, such as hospitals or medical centers. The solicitation parallels these requirements, calling for medical professionals who (1) have a medical degree, (2) practice in various specialties, and (3) could augment staff at already existing Army medical centers. Moreover, the 2007 NAICS Index File, provided online by the U.S. Census Bureau, lists specialties which can be classified under code 621111. These specialties include, *inter alia*: gastroenterologists, gynecologists, immunologists, internists, neurologists, neuropathologists, obstretricians, oncologists, ophthalmologists, orthopedic surgeons, otolaryngologists, plastic surgeons, radiologists, other surgeons (except dental), and urologists. 2007 N A I C S   I n d e x   F i l e ,   a v a i l a b l e   a t  h t t p : / / w w w . c e n s u s . g o v / e o s / w w w / n a i c s / 2 0 0 7 N A I C S / 2007_NAICS_Index_File.xls. In other words, a wide range of specialties, including those which can be readily associated with inpatient hospital care, can be classified under code 621111.

The purpose of the NAICS code determination is not to find a *perfect* fit, only a fit that describes the principal purpose of the services being acquired.  The principal purpose of this solicitation was to procure physicians across various specialties and to have them work in existing government facilities; code 621111 fully aligns with that purpose.

> B.    Any inpatient versus outpatient distinction is not sufficient to render the selection of code 621111 arbitrary or capricious

The second argument plaintiff offers with the use of code 621111 is that in the NAICS taxonomy scheme, code 621111 falls underneath the umbrella of subsector 621, "Ambulatory Health Care Services," which states that providers in this subsector, "do not usually provide inpatient services." NAICS 621, 2007 WL 6902771 (NAICS).  We could question the logic of characterizing physicians such as neurosurgeons, practitioners of emergency medicine, radiologists, anesthesiologists, gastroenterologists, general surgeons, and plastic surgeons as not "usually provid[ing] inpatient services," but that anomaly is inherent in the NAICS code structure itself and not created by the contracting officer.   Indeed, in its briefing and in reliance on Ms. Edwards's declaration, plaintiff states that "[a]s part of the incumbent contract, 79% of the physicians provided to the Army by plaintiff perform inpatient services," and that "less than one-third of the value of the [incumbent contract] consists of services that fit within the ambulatory sector 621."  Pl.'s Mot. J. 23.

We decline to permit this generalized and not directly controlling introductory language to trump the more particularized and directly controlling language of NAICS code 621111 itself.   The chosen code contains no limitations on whether the physicians do primarily inpatient or outpatient work. This no doubt suited the Army well, given the fact that all of the work would be done in its own hospitals and clinics.  The distinction would therefore be immaterial.

In any event, while subsector 621 provides that ambulatory health care providers do not *usually* provide inpatient services, this does not mean that such providers are precluded from providing inpatient services.  We agree with SBA OHA's observation that in some solicitations, potentially "'no one designation can be a perfect fit.'"   AR 537 (quoting *NAICS Appeal of AllSource Global Mgmt. LLC*, SBA No. NAICS-5292, at 7 (2011)).

C.    The failure to use NAICS code 621110 was not arbitrary or capricious

Plaintiff contends that the contracting officer overlooked a more logical NAICS code, 621110, which was used in the companion "Ancillary Services" solicitation.  This code has two virtues, at least from plaintiff's perspective.  The most salient is that it has a much higher small business threshold, $34,500,000, under which plaintiff fits.  The second is that, as the government concedes, 621110 is written so broadly that it could theoretically cover all the physician services the government wants, including psychiatrists.  We repeat the description:

> This industry comprises establishments known and licensed as general medical and surgical hospitals primarily engaged in providing diagnostic and medical treatment (both surgical and nonsurgical) to inpatients with any of a wide variety of medical conditions. These establishments maintain inpatient beds and provide patients with food services that meet their nutritional requirements. These hospitals have an organized staff of physicians and other medical staff to provide patient care services. These establishments usually provide other services, such as outpatient services, anatomical pathology services, diagnostic X-ray services, clinical laboratory services, operating room services for a variety of procedures, and pharmacy services.

NAICS 622110, 2007 WL 6902817 (NAICS).  The code thus includes physicians generally, along with a wide array of associated facilities and services, including the furnishing of hospitals themselves.

The agency rejected this code as insufficiently focused on the primary purpose of this particular solicitation, however, which was physicians.  The question that the contracting officer faced was this:  should I pick a code that is much more narrowly tailored to what the Army wants, namely a broad array of physicians, despite the fact that it excludes psychiatrists, or should I use a much broader code that includes physicians, but includes virtually everything else associated with general purpose hospitals?

The contracting officer chose the former, and thus the question before us is not what the court would have chosen, but whether the contracting

officer's choice was arbitrary or capricious.  We think it plainly was not. Casting a net wide enough to include bidders capable of furnishing fully operational hospitals with all allied services seems far in excess of the only thing the agency wanted: portable doctors.  This is particularly true in view of our prior conclusions that the nominal exclusion of psychiatrists and the general characterizations of the ambulatory care subsector were not problematic.

> D.    The contracting officer's NAICS code designation did not otherwise violate applicable statutes or regulations

Plaintiff also advances generalized arguments based on the requirement for full and open competition requirements under the Competition in Contracting Act ("CICA"), 10 U.S.C. § 2305 (2006).  Under CICA, the government must procure goods and services in such a way as to "achieve full and open competition." *Id.* § 2305(a)(1)(A)(I).  Specifically, plaintiff argues that, due to the size limitations, competition is unduly restricted because plaintiff cannot submit a proposal.  These arguments are unconvincing.  CICA expressly allows the government to favor small businesses to further the policies of the Small Business Act, 15 U.S.C. §§ 638, 644.  10 U.S.C. § 2304(b)(2). Moreover, Federal Acquisition Regulation 6.203 specifically allows "contracting officers [to] set aside solicitations to allow only such [small] business concerns to compete."  48 C.F.R. § 6.203(a).  Indeed, "[n]o separate justification or determination and findings is required under this part to set aside a contract action for small business concerns." *Id.* § 6.203(b).  It is not up to the court to decide how small is too small.[8]

---

[8] We note additionally that the contracting officer did address the concern of whether small businesses under NAICS code 621111, i.e., entities under $10 million in revenue, would be able to provide the contemplated services.  The contracting officer composed a market research report based, in part, on an "industry day," that invited small businesses to address any staffing concerns for proposed medical solicitations, including this one. AR 3-81.  In that report, the contracting officer concluded, "Market research indicates that there are numerous large and small businesses that are capable of performance of this acquisition effort and satisfy the agency's requirements that exist for staffing Health Care Providers in Military Treatment Facilities."  AR 16.

In sum, the selected code captures the principal purpose of the contract. It need not be a perfect fit to every facet of the performance work statement. The solicitation sought the services of physicians in a wide-range of specialties who can practice in military treatment facilities. That is the exact essence of code 621111. Thus, the contracting officer's selection of code 621111 and the SBA OHA's affirmation of that code were not arbitrary, capricious, or otherwise not in accord with the law.

## CONCLUSION

For the reasons explained above, we deny plaintiff's motion to supplement the administrative record with Ms. Edwards's declaration and deny its motion for judgment on the administrative record. We grant defendant's cross-motion for judgment on the administrative record. The clerk shall enter final judgment accordingly. No costs.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge

17